Amber M. Spataro, Esq. (NJ Bar #036892008)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
Littman Jewelers

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENATE BECKWITH, | Civil Action No. 1:18-cv-12655 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25, INCLUSIVE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, | **Electronically Filed** |
| Defendants. | |

**TO:   THE CLERK AND THE HONORABLE JUDGES
      OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY**

**TO:   SEBASTIAN B. IONNO, ESQ., COUNSEL FOR PLAINTIFF RENATE BECKWITH
      IONNO & HIGBEE
      140 SOUTH BROADWAY, SUITE 5
      PITMAN, NJ 08071**

Defendant Littman Jewelers ("Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Cumberland County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and in support thereof allege as follows:

## INTRODUCTION

1.      Plaintiff Renate Beckwith ("Plaintiff") commenced this action on or about May 15, 2018 by filing a Complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Cumberland County, captioned *Renate Beckwith, Plaintiff[], vs. Littman Jewelers, Scott Gudaitis, Jim Schofield, and John Does 1 through 25,* Docket No. CUM-L-000350-18 ("the State Court Action"), which is now pending in that court.

2.      Defendant Littman Jewelers ("Littman") first received notice of the Complaint in the State Court Action when it was served on July 12, 2018.

3.      Scott Gudaitis and Jim Schofield (the "Individual Defendants") were attempted to be served the same day, but were not properly served.[1]  Therefore, the Individual Defendants are not parties to this action and need not consent to removal. *See* 28 U.S.C. § 1441(b).  Notwithstanding, counsel for Littman has spoken to Defendant Schofield and he consents to this removal. *See* Spataro Decl. ¶ 4.  Littman has not spoken with Defendant Gudaitis, as he is currently on a leave of absence; however, since he has not been served, his consent is not required. *Id.* at ¶¶ 3-4.

4.      Undersigned counsel is informed and believes, and on that basis alleges, that the fictitiously named defendants have not been identified or served with a copy of the Summons and Complaint.  Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See* 28 U.S.C. § 1441(b).

5.      Accordingly, this Notice of Removal is within the time limits of 28 U.S.C. § 1446(b).

6.      Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon or by Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

7.      Plaintiff's Complaint purports to assert two counts: (1) Retaliation in violation of the

---

[1] Defendants Gudaitis and Schofield were not properly served because the service papers were merely left at their place of employment with a subordinate who was not authorized to accept service on their behalf. *See* Declaration of Amber M. Spataro ("Spataro Decl."), ¶¶ 2-3, filed concurrently herewith.

New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*, and (2) an unspecified discrimination claim pursuant to LAD. *See* Complaint.

8.      Because the Superior Court of Cumberland County, New Jersey, lies in the District of New Jersey, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 110, 1441(a).

9.      As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF THE PARTIES

10.      Plaintiff is an individual residing in Cumberland County, New Jersey. *See* Complaint, page 1. Thus, Plaintiff is a citizen of New Jersey.

11.      Littman Jewelers is a d/b/a of Frank Meyer Jewelers, Inc. As a corporation, Frank Meyer Jewelers, Inc. (d/b/a Littman Jewelers) is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Frank Meyer Jewelers, Inc. (d/b/a Littman Jewelers) is incorporated in the state of California and has its principal place of business[2] in Oregon. Thus, Frank Meyer Jewelers, Inc. (d/b/a Littman Jewelers) is a citizen of California and Oregon - not New Jersey.

12.      Defendant is informed and believes that, while Individual Defendants Scott Gudaitis and Jim Schofield are residents of New Jersey, they are sham defendants, fraudulently joined to defeat diversity. "The doctrine of fraudulent joinder represents an exception to the requirement that

---

[2] To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.* The headquarters and corporate offices of Frank Meyer Jewelers, Inc. (d/b/a Littman Jewelers) are located in Oregon, which is where it performs most if its executive and administrative functions.

removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). In short, the Court may disregard a non-diverse defendant named in a state court action if that party's joinder is "fraudulent" or a sham, such that no cause of action exists against that party. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Joinder is fraudulent when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* (citation and quotation omitted). In conducting its analysis, a court may look beyond the pleadings "to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d at 219.

13.    Individual liability is cognizable under CEPA and LAD in only limited circumstances. *See Brennan v. Palmieri*, No. 07-4364 (FSH), 2008 U.S. Dist. LEXIS 102152, at **25-26 (D.N.J. Dec. 12, 2008) (no individual liability under CEPA for agents or employees of the employer "unless the plaintiff proves that the defendant took an adverse employment action against him because of his whistle blowing"); *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 645 (2008) (pursuant to LAD, individual liability of a supervisor only available through the "aiding and abetting" mechanism that applies to any person under N.J.S.A. 10:5–12(e)).

### Count I – Retaliation Under CEPA and LAD

14.    Under CEPA, in relevant part, an employer shall not retaliate against an employee who reports "an activity, policy or practice of the employer . . . that the employee reasonably believes" is a "violation or law" or "fraudulent or criminal," or who "objects to, or refuses to participate in" such activities. N.J.S.A. § 34:19-3.

15.    Under the LAD anti-retaliation provision, an employer shall not retaliate against an employee who "has opposed any practices or acts forbidden under this act [*i.e.* discrimination on the basis of race, age, disability, etc.] or because that person has sought legal advice regarding rights under this act . . . or filed a complaint, testified or assisted in any proceeding under this act . . . ."

N.J.S.A. § 10:5-12(d)

16.     In the Complaint, Plaintiff alleges that a *different* employee used a tip line to report Defendant Gudaitis for allowing *another employee* to access manager-only emails, files, and passwords, which actions "were violations of company policy." *See* Complaint, ¶¶ 24-28. There is no allegation in the Complaint that Plaintiff had any involvement in this report to the tip line.

17.     Plaintiff then alleges that the Individual Defendants terminated the presumed reporting employee in retaliation. *See* Complaint, ¶¶ 32-35. Accordingly, the report in question was plainly not protected conduct by Plaintiff under either CEPA or LAD. Specifically, Plaintiff herself did not make the complaint (and, in fact, had no connection to it). Moreover, the purported report to the tip line did not involve conduct by the employer that was believed to be illegal or discriminatory. Rather, it simply involved "violations of company policy," per the Complaint's allegations. *Id.*

18.     Plaintiff also alleges that an assistant manager ordered her to work another employee's weekend shifts and Plaintiff "refused." *See* Complaint, ¶¶ 37-42. To the extent Plaintiff intends to argue that her refusal constitutes "opposition" under CEPA, again, her conduct is plainly not protected activity because it did not involve conduct by the employer that was believed to be illegal, against public policy or discriminatory. N.J.S.A. § 34:19-3.

19.     In short, there is no allegation anywhere in the Complaint that Plaintiff reported anything to her employer – or opposed anything – that she believed to be illegal, against public policy or discriminatory, and, therefore, Plaintiff has failed to state a claim with respect to a crucial element of a retaliation claim under both CEPA and LAD.

20.     Accordingly, "there is no reasonable basis in fact or colorable ground supporting the claim against the [Individual Defendants]," *Batoff*, 977 F.2d at 851, or, for that matter, against *any* defendant, including Littman Jewelers.

21.     For purposes of removal, therefore, the Individual Defendants were fraudulently

joined in Count I of the Complaint. *See First Trenton Indem. Co. v. Chrysler Ins. Co.*, No. CIV.10-2588 DRD, 2010 WL 3740841, at *5 (D.N.J. Sept. 20, 2010) (holding that individual plaintiff was fraudulently joined after "rul[ing] out any possibility that a state court would entertain the cause" as a matter of law) (citing *In re Briscoe*, 448 F.3d at 219).

### Count II – Unspecified Discrimination Claim Under LAD

22.     It is impossible to discern in Count II of Plaintiff's Complaint exactly what is being pled. It cites only to LAD, and alleges "Plaintiff's ultimate treatment and hostile work environment were the result of Defendant's hostility and retaliation against Plaintiff in response to his *protected class* and exercise of *protected conduct*," in violation of LAD. *See* Complaint, ¶ 64 (emphasis added). Putting aside any reference to retaliation (as retaliation under LAD was already asserted in Count I), it appears Plaintiff intends to assert a discrimination or hostile work environment claim in Count II, although she does not even state which protected class she purports membership in. Assuming, for purposes of this removal only, that Plaintiff intends to assert a claim for age and disability discrimination, she has woefully failed to set forth a colorable claim against the Individual Defendants.

23.     In the Complaint, the only facts possibly going towards age are Plaintiff's allegations that Defendant Gudaitis made inquiries about when Plaintiff was going to retire. *See* Complaint, ¶¶ 16-18, 45, 49.

24.     Applicable law has repeatedly held that remarks or questions related to retirement or transition planning are NOT evidence of purported age discrimination. *E.g. Salkovitz v. Pioneer Elecs. (USA) Inc.*, 188 F. App'x 90, 94 (3d Cir. 2006) (holding that comments about plaintiff's retirement plans "reflect nothing more than a concern for him after leaving" and "[n]o rational jury could conclude from these facts that [employer's] stated reasons for terminating his employment were a pretext for age discrimination" on that basis); *Wallace v. O.C. Tanner*

*Recognition Co.*, 299 F.3d 96, 100 (1st Cir. 2002) (finding that "company officials are permitted to gather information relevant to personnel planning without raising the specter of age discrimination"); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) (holding that repeated comments regarding an employee's retirement, without more, do not show discrimination); *Boston v. McFadden Pub., Inc.*, 2010 U.S. Dist. LEXIS 103294, at *11 (SDNY Sept. 29, 2010) ("even if plaintiff was asked about his retirement plans, inquiries about retirement plans do [] not necessarily show animosity toward age"). There are no allegations in the Complaint that link Plaintiff's termination to her age.

25.     Similarly, the only facts in the Complaint possibly going towards disability are Plaintiff's allegations that Mr. Gudaitis was "irritated and annoyed" when she told him that she needed a second surgery, and inquired about when she would be going out for another surgery or on disability again. *See* Complaint, ¶¶ 20, 45, 49.

26.     As with questions relating to retirement plans, applicable law also holds that inquiries about a plaintiff's work status are simply NOT enough to show disability discrimination. *Walton v. Mental Health Ass'n*, 168 F.3d 661, 667 (3rd Cir. 1999) (holding that conduct alleged by plaintiff, including a supervisor calling her ten days consecutively when she was hospitalized, asking each day when she would be returning to work, was not an adverse employment action and fell "far short" of the "severe and pervasive" standard for disability harassment, and would not "allow a reasonable jury to find that [her supervisor] harassed her because of her disability. . ."). Additionally, there simply are no factual allegations in the Complaint that support a reasonable inference that Plaintiff's termination was related to any disability or impairment.

27.     Finally, and most importantly, under the LAD, "individual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the aiding and abetting mechanism." *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 645

7

(N.J. 2008); N.J.S.A. 10:5–12(e). It requires a showing that the individual engaged in "active and purposeful conduct" in *assisting the principal violation*, among other requirements. *Id.* Logically, an alleged wrongdoer "cannot aid and abet his own wrongful conduct." *Newsome v. Admin. Office of Courts of State of New Jersey*, 103 F. Supp. 2d 807, 823 (D.N.J. 2000), *aff'd sub nom.*, 51 F. App'x 76 (3d Cir. 2002) (holding that supervisor could not be individually liable for his own harassing conduct against plaintiff).

28.     In sum, there are no factual allegations anywhere in the Complaint demonstrating that the Individual Defendants engaged in any conduct that could possibly give rise to individual liability under LAD. Accordingly, "there is no reasonable basis in fact or colorable ground supporting the claim against the [Individual Defendants]," *Batoff*, 977 F.2d at 851, or, for that matter, against *any* defendant, including Littman Jewelers. For the purposes of removal, therefore, the Individual Defendants were fraudulently joined in Count II of the Complaint. *See First Trenton Indem. Co. v. Chrysler Ins. Co.*, No. CIV.10-2588 DRD, 2010 WL 3740841, at *5 (D.N.J. Sept. 20, 2010) (finding that individual plaintiff was fraudulently joined after "rul[ing] out any possibility that a state court would entertain the cause" as a matter of law) (citing *In re Briscoe*, 448 F.3d at 219).

29.     In conclusion, Plaintiff is a citizen of New Jersey, Frank Meyer Jewelers, Inc. (d/b/a Littman Jewelers) is a citizen of California and Oregon, and the citizenship of the Individual Defendants must be ignored for purposes of evaluating the diversity of the parties.

### AMOUNT IN CONTROVERSY

30.     Plaintiff's Complaint does not state the amount in controversy in this action. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2). *See also Dart Cherokee Basin Operating Co. v.*

*Owens*, 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

31.    As a result of allegedly unlawful conduct under the CEPA and LAD, Plaintiff demands compensatory damages, back and front pay, punitive damages, interest, attorney's fees, costs of suit, and other relief. *See* Complaint, p. 8 ("Wherefore" clauses).

32.    Based on experience in similar cases, Defendant believes that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that, where plaintiff does not limit his request for damages, the court should reasonably read the value of the claims asserted and reach an independent valuation).

33.    Plaintiff's allegations suggest she was terminated on or soon after June 9, 2017. *See* Complaint ¶¶ 49-55. At the time Plaintiff's employment ended, she earned an hourly wage of $21.29 per hour, and she worked full time. If she were to recover back wages from June 9, 2017 to the present (61 weeks), those wages would total approximately $52,000.00 ($21.29/hour *x* 40 hours/week *x* 61 weeks). Moreover, if the case proceeds to trial in July 2019 – one year from when Defendant was served – and Plaintiff remains unemployed, she could seek a total of about 109 weeks of back wages, or more than $92,000.00 ($21.29/hour *x* 40 hours/week *x* 109 weeks). Moreover, Plaintiff claims front pay and benefits, which juries in New Jersey can and do award in employment cases. *E.g. Kluczyk v. Tropicana Prods., Inc.*, 847 A.2d 23, 25-26 (N.J. Super. App. Div. 2004) (affirming award of $118,404.00 for lost future wages when back pay awarded was $90,911.00); *Maiorino v. Schering–Plough Corp.*, 695 A.2d 353, 361-62, 371 (N.J. Super. App.Div.1997) (affirming award of $200,000.00 for front pay when back pay awarded was $180,000.00). Accordingly, Plaintiff could recover, conservatively, another $92,000.00 in potential

9

front pay. Thus, together, Plaintiff's potential economic damages (back and front pay) are, conservatively, **$184,000.00**. Accordingly, Plaintiff's claim for economic damages, by itself, satisfies the amount in controversy requirement.

34. Plaintiff also claims compensatory (non-economic) damages, punitive damages, and attorneys' fees, all of which are recoverable under CEPA and LAD add significantly to the amount in controversy. *See Klawitter v. City of Trenton*, 928 A.2d 900, 919-20 (N.J. Super. App. Div. 2007) (affirming emotional distress award of $79,538 for reverse race discrimination based on plaintiff's testimony that not being promoted left her "crushed"); *Kluczyk*, 847 A.2d at 25-26 (affirming damages award in full, including $20,000 for emotional distress, $225,000 for punitive damages, and $315,547.45 in counsel fees in retaliatory discharge case); *Maiorino*, 695 A.2d at 361-62, 371 (affirming compensatory damages award that included $55,000 for pain, suffering and humiliation in employment termination case). Accordingly, the amount in controversy exceeds $75,000.00.

## CONCLUSION

35. Attached hereto as **Exhibit B** is a copy of the Notice to Clerk of the Superior Court of New Jersey of Filing of Notice of Removal (without exhibits), the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Cumberland County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of Cumberland County, New Jersey, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.[3]

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant Littman Jewelers

By: */s/ Amber M. Spataro*
Amber M. Spataro

Dated: August 10, 2018

---

[3] By filing this Notice of Removal, Defendant does not waive any defenses available to it at law, equity or otherwise.

# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Ionno & Higbee<br>Attorneys at Law, LLC<br>140 South Broadway, Suite 5<br>Pitman, NJ 08071<br>(856) 553-6810<br><br>Attorney(s) for Plaintiff<br><br>RENATE BECKWITH<br><br>Vs.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 50, INCLUSIVE, FICTITIOUS NAMED DEFENDANTS, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>Defendant(s). | **Superior Court of New Jersey**<br><br>CUMBERLAND COUNTY<br>CIVIL DIVISION<br><br>Docket No: L-350-18<br><br>**CIVIL ACTION SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil

Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Michelle M. Smith_
Clerk of the Superior Court

DATED: 07/10/2018

Name of Defendant to be Served: Littman Jewelers

Address of Defendant to be Served: Littman Jewelers, Inc.
3849 S. Delsea Drive
Ste: B19
Vineland, NJ 08360

CUM-L-000350-18   05/15/2018 4:27:26 PM  Pg 1 of 10 Trans ID: LCV2018855896

IONNO & HIGBEE, ATTORNEYS AT LAW, LLC.
SEBASTIAN B. IONNO, ESQUIRE
ATTORNEY ID 025992002
140 S. BROADWAY, SUITE 5
PITMAN, NJ 08071
TELEPHONE: (856) 553-6810
SEBASTIAN@IONNOLAW.COM
ATTORNEYS FOR THE PLAINTIFFS

| | |
|---|---|
| RENATE BECKWITH,<br><br>Plaintiffs,<br><br>v.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25, INCLUSIVE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CUMBERLAND COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>COMPLAINT, DEMAND FOR JURY TRIAL, DESIGNATION OF TRIAL COUNSEL AND DEMAND PURSUANT TO RULE 1:4-8 |

Plaintiff Renate Beckwith, presently residing in Cumberland County, New Jersey, by way of Complaint against Defendants, states:

### FIRST COUNT

1. At all relevant times herein, Defendant Littman Jewelers. ("Defendant Littman"), was an entity created and existing pursuant to law, doing business in the state of New Jersey and was the employer of Plaintiff.

2. At all relevant times herein, Scott Gudaitis ("Defendant Gudaitis") was an employee of Defendant Littman and the Plaintiff's supervisor who unlawfully combined or acted in concert with Defendant Littman to engage in the unlawful and discriminatory misconduct referred to herein, which occurred during and in the course and scope of her

employment with Defendant Littman, which conduct is imputed to the employer/principal, Littman, as a result of Littman having authorized, ratified, condoned, acquiesced in, approved, tolerated, fomented, or aided and abetted the discriminatory misconduct referred to herein.

3.     At all relevant times herein, Defendants John Does 1-25, inclusive, are fictitious names for persons, corporations, or other legal entities, the identities of which are unknown as present, but who are responsible to Plaintiffs by reason of their knowing participation in the acts of wrongful termination, and retaliation with Defendant Littman and/or by reason of their aiding, abetting, authorizing, ratifying, condoning, participating in, or conspiring with their Co-Defendants to participate in an commit the wrongful acts referred to herein.

4.     Plaintiff Renate Beckwith ("Plaintiff") was initially hired as a jewelry sales associate by Defendant Littman on or about (DATE).

5.     Despite the fact that Plaintiff worked at the small Cumberland Mall store in an economically disadvantaged area, Plaintiff was consistently one of the top performing sales associates for Defendant Littman nationwide during her approximately forty (40) year tenure, winning numerous benefits and acknowledgments for her performance.

6.     Approximately two (2) years ago, Defendant Scott Gudaitis was transferred from Defendant Littman's Hamilton Mall location to the Cumberland Mall store as the general manager.

7.     When Defendant Gudaitis first arrived at Defendant Littman's Cumberland location, he would constantly brag about previously being a general manager at Kay Jewelers.

8.     Defendant Gudaitis further boasted about firing up to five (5) people a month while working as a general manager.

9. Defendant Gudaitis claimed that while he was general manager of Defendant Littman's Hamilton store he also fired many people.

10. However, Defendant Gudaitis was not being honest; rather than terminate most of the employees he actually made work so miserable for the targeted employees that they resigned rather than continue to endure his harassment.

11. Only one employee who worked at the Hamilton store when Defendant Gudaitis started there survived his stint as general manager, all of the other employees were constructively discharged by Defendant Gudaitis' harassment.

12. Shortly after Defendant Gudaitis transferred to the Cumberland location, Plaintiff required a hip replacement.

13. Plaintiff disclosed to Defendant Gudaitis that her doctors estimated her recovery time at a minimum of three months, during which time she would not be able to work.

14. In fact, Plaintiff required five months of recovery from her surgery.

15. While Plaintiff was out on disability, she received a call from a sales associate, Jennifer Warrington, inquiring into when Plaintiff would return.

16. Once Plaintiff did return, Defendant Gudaitis started inquiring about when Plaintiff was going to retire, implying that Plaintiff was too old to continue working in her position.

17. At that time Plaintiff was only sixty (60) years old and not ready to retire.

18. Frequently and consistently from that point forward Defendant Gudaitis inquired when Plaintiff would be retiring.

19. A year following Plaintiff's return from hip surgery, Plaintiff was informed by doctors that she would need to have her knee replaced.

20.    When Plaintiff disclosed the required surgery and its date to Defendant Gudaitis he became irritated and annoyed.

21.    Unfortunately, Plaintiff's knee was so painful and swollen that she had no other choice but to continue with surgery.

22.    Upon further examination, Plaintiff was informed that she would need to have surgery on her spine, both hips, and her knees replaced.

23.    It was determined by doctors that the cause of the problem and Plaintiff's condition was from standing on concrete covered floors all day at work.

24.    During Plaintiff's recovery from her second surgery, Defendant Gudaitis was reported to Defendant Littman on a tip line used to report thefts or dishonest employees.

25.    Defendant Gudaitis was reported for allowing another employee, Julie Gravel, to access manager only emails and computer files.

26.    These files and emails allowed Gravel to look at all employee wages, yearly reviews, social security numbers, and other sensitive personnel information about all store employees.

27.    Gravel was also using Defendant Gudaitis' password to change her hours, as she never arrived on time and usually was an hour late.

28.    All of these actions by Defendant Gudaitis and Gravel were violations of company policy.

29.    Regional Manager, Jim Schofield, is in charge of discipline for both Gravel and Defendant Gudaitis.

30.    However, neither Defendant Gudaitis nor Gravel was given a written corrective action by Schofield.

31.    Instead, Schofield changed some of the computer access for all employees.

32.    While present in the store, Schofield stated that the person who provided the confidential tip was a male.

33.    A young male associate, Josh, had his hours cut after the report against Defendant Gudaitis.

34.    Approximately a month after the report, Josh was terminated.

35.    Defendant Gudaitis, Gravel, and Schofield terminated Josh because they thought it was he who had made the report and embarrassed them.

36.    Not only were Gravel and Defendant Gudaitis not reprimanded or terminated for the policy violations, but Gravel was actually promoted to manager of the Hamilton Mall Store.

37.    Another employee, Victoria Windley, was promoted to assistant manager of the Cumberland store.

38.    Windley frequently cooperated with Defendant Gudaitis in making Plaintiff's time at work miserable.

39.    Another employee, Warrington, did not have to work nights, weekends, or holidays.

40.    In addition, Warrington would come in at 9:30 a.m. and leave between 1:30 and 3:00 p.m.

41.    Since Windley and Warrington were friends, Windley ordered Plaintiff to work Warrington's weekends for her.

42.    Plaintiff refused to work all of Warrington's weekends.

43.    After Plaintiff refused, Windley accused Plaintiff of stealing sales and being dishonest.

44.     Once Windley accused Plaintiff of stealing, the store environment became worse and Plaintiff was further ostracized.

45.     Defendant Gudaitis also began to more frequently ask Plaintiff when she was retiring or when she would be going out of disability again.

46.     The stress and hostility of the harassment Plaintiff was experiencing at Defendant Littman's caused Plaintiff great emotional distress.

47.     Plaintiff dreaded going to work and wanted to quit, but was unable to because she needed the insurance and paycheck as her husband is totally disabled.

48.     On or about late July or early June 2017, Plaintiff was instructed by Defendant Gudaitis to make sure she was present for work on June 9, 2017 as Schofield would be in the store.

49.     On June 9, 2017, Schofield and Defendant Gudaitis walked Plaintiff into the center court of the mall and asked Plaintiff if she was retiring or going out for another surgery.

50.     Plaintiff insisted she was not retiring or going for another surgery;

51.     Schofield then informed Plaintiff she was being written up for placing jewelry, which had been left for repair earlier, into the safe at 8:45 p.m. instead of when the store closed at 9 p.m.

52.     However, this was common practice by all employees during the forty (40) years that Plaintiff worked at Defendant Littman's and had never been addressed as or considered a problem previously.

53.     Later that same day, Plaintiff was showing an elderly woman jewelry and pulled the items out of the display so the customer could have a better look.

54.    Again, this was standard practice by all employees who worked at Defendant Littman's.

55.    After this interaction with the customer, Plaintiff was called into the back office by Schofield and terminated.

56.    The constant attempts to force Plaintiff into retirement, the unlawful questions about her medical conditions, the emotional distress of the hostility of her co-workers and managers, and the negative treatment resulted in emotional distress and financial insecurity.

57.    The actions by Defendant Littman, its employees, and managers resulted in Plaintiff having trouble eating, sleeping, and placed a strain on her marriage.

58.    Furthermore, the retaliatory actions against Plaintiff and her forced shift changes resulted in Plaintiff going from one of the top sales associates in the company nationwide to near the bottom.

59. Plaintiff's unlawful treatment and hostile work environment were the culmination of Defendants hostility and campaign of retaliation against Plaintiff in response to his protected conduct, which was done in clear violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34-19-1, et. seq. ("CEPA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. ("LAD").

60. The retaliatory conduct complained of involved the active participation of upper management or the willful indifference of same, was especially egregious, occurred with actual malice and was in knowing and deliberate violation of plaintiff's rights.

61. As a direct and proximate result of the defendants' retaliation against Plaintiff, which retaliation was substantially motived by Plaintiff's protected conduct, Plaintiff's right to be free from retaliation has been violated, as result of which Plaintiff has been damaged.

62. As a direct and proximate result of the above described conduct Plaintiff's rights under CEPA have been violated.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for compensatory damages, back pay, front pay, punitive damages, interest, attorney's fees, costs of suit, and such other relief as is just and equitable.

## SECOND COUNT

63. Plaintiff hereby incorporates paragraphs 1 through 134 as though set forth in full herein.

64. Plaintiff's ultimate treatment and hostile work environment were a result of the Defendant's hostility and retaliation against Plaintiff in response to his protected class and exercise of protected conduct, which was done in clear violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. ("LAD").

65. Plaintiff's rights under the LAD to be free from reprisals for protected conduct as defined by the LAD was violated in a most egregious manner which conduct was knowing and intentional and as a result of which the Plaintiff has been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for compensatory damages, back pay, front pay, punitive damages, interest, attorney's fees, costs of suit, and such other relief as is just and equitable.

IONNO & HIGBEE, LLC

Attorneys for the Plaintiffs

BY: _____
SEBASTIAN B. IONNO

Dated: 5/15/18

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

BY: _____
SEBASTIAN B. IONNO

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Sebastian B. Ionno, Esquire as trial counsel in this matter.

BY: _____
SEBASTIAN B. IONNO

## CERTIFICATION

The undersigned counsel certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time. I certify the foregoing to be true. I am aware if the above is willfully false, I am subject to punishment.

BY:_____
SEBASTIAN B. IONNO

DATED: 5/15/18

## RULE 1:4-8 DEMAND

Plaintiffs and their counsel hereby demand, pursuant to Rule 1:4-8, that the Defendants or their agents, servants, or employees, or attorneys provide any and all facts and documents upon which they base any contention that this Complaint was instituted or continued in whole or in part for improper reasons, or that the claims are, in whole or in part, frivolous or without basis in law or fact.

BY:_____
SEBASTIAN B. IONNO

CUM-L-000350-18    05/15/2018 4:27:26 PM  Pg 1 of 1 Trans ID: LCV2018855896

# Civil Case Information Statement

**Case Details: CUMBERLAND | Civil Part Docket# L-000350-18**

Case Caption: BECKWITH RENATE  VS LITTMAN JEWELERS

Case Initiation Date: 05/15/2018

Attorney Name: DEBRA REBECCA HIGBEE

Firm Name: IONNO & HIGBEE ATTORNEYS AT LAW LLC

Address: 140 S BROADWAY SUITE 5

PITMAN NJ 08071

Phone:

Name of Party: PLAINTIFF : Beckwith, Renate

Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/15/2018
Dated

/s/ DEBRA REBECCA HIGBEE
Signed

CUM L 000350-18  05/16/2018 4:46:40 AM  Pg 1 of 1  Trans ID: LCV2018857319

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 453-4330
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MAY 15, 2018
                    RE:     BECKWITH RENATE  VS LITTMAN JEWELERS
                    DOCKET: CUM L -000350 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    101
AT:  (856) 453-4343.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: DEBRA R. HIGBEE
                              IONNO & HIGBEE ATTORNEYS AT LA
                              140 S BROADWAY
                              SUITE 5
                              PITMAN        NJ 08071

ECOURTS

**IONNO & HIGBEE**
**ATTORNEYS AT LAW, LLC**
**140 S. BROADWAY, SUITE 1**
**PITMAN, NJ 08071**
**TELEPHONE: (856) 553-6810**
sebastian@ionnolaw.com
**ATTORNEYS FOR THE PLAINTIFF**

| | |
|---|---|
| RENATE BECKWITH,<br><br>Plaintiff,<br><br>v.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25 FICTICISOULY NAMED DEFENDANTS JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION –CUMBERLAND COUNTY<br><br>Docket No.: CUM-L-000350-18<br><br>Civil Action<br><br>**NOTICE TO TAKE ORAL DEPOSITION** |

*TO:* SCOTT GUDAITIS

PLEASE TAKE NOTICE that pursuant to the Rules of Civil Procedure and Evidence which apply to this matter, you are requested to produce the persons and writings specified below at the date, time, and place stated. Please note that this Notice of Deposition shall be deemed continuing in nature, and shall apply to any date to which the deposition is rescheduled or adjourned. Please further note that you are requested, to produce at the time of the deposition the original of all documents you have been requested to produce either in

1

Initial Interrogatories served upon you, Initial Request for Production of Documents served upon you, or any subsequent Request for Production.

It is requested that you produce the following individuals and writings on **Tuesday, September 11th, 2018 at 10:00am** at Ionno & Higbee, 140 South Broadway, Pitman, New Jersey, 08071.

1.    Scott Gudaitis

2.    All writings relating to the areas in Schedule "A".

IONNO & HIGBEE
Attorneys for Plaintiff

BY: *Sebastian B. Ionno* (s)

SEBASTIAN B. IONNO

DATED 07|10|2018

2

## SCHEDULE "A"

1.      The factual basis for any denials, in whole or in part, of any of the allegations of plaintiff's Complaint.

2.      The factual basis for any affirmative defenses asserted by you.

3.      The factual basis for any affirmative claims asserted by you.

4.      All facts and circumstances surrounding the events, incidents, claims, or transactions described in the pleadings.

5.      All persons with knowledge of the damage and liability claims in this case, the knowledge held by each, and each such person's last known business and residence address and telephone number.

6.      Your answers to the Initial and other Interrogatories propounded by this party.

7.      All writings produced or withheld by you in response to the Initial or other Request for Production of Documents propounded by any party.

8.      The factual basis for any claim of privilege asserted in response to any Interrogatories or any Request for Production of Documents.

9.      All action taken by the designated representative to obtain all the knowledge available to the entity on whose behalf the designated representative is testifying, including a search for all writings and information responsive to Interrogatories or Requests for Production of Documents, and the results of any investigation by or on behalf of the entity of the facts and issues in dispute in this case.

10.     All information regarding the manner in which any injuries or damages claimed by any party to this case occurred, together with the nature and extent of the injuries or damages actually suffered.

11.     All information as to what, if anything, that has been done by the entity as of the date of the deposition to ensure that the responses to all Interrogatories and all Requests for Production of Documents propounded by this party have been reviewed, are current, and up to date.

3

12.    The creation and maintenance of all documents requested to be identified and produced or attached in Interrogatories or Requests for Production of Documents by any party.

13.    All insurance coverage potentially available to the parties to this litigation, as well as the limits, terms, provisions, and dates of coverage.

14.    In the event there is a claim for punitive damages asserted against any party, all facts relating to that claim, all persons with knowledge of those facts and the knowledge held by each, and all documents relating, regarding, referring to, or reflecting those facts, together with all information relating to the ability of the party against whom punitive damages are sought to pay a punitive damage award, including without limitation their financial status, including changes in it, during the period beginning five years prior to the filing of the Complaint in this matter and continuing to the date of trial. Financial status includes the total fair market value of assets, tangible and intangible, the amount of liabilities, liquidated or contingent, the difference between those two, or net worth, and gross and net income.

15.    All communications by you or persons on your behalf with any expert or witness or party identified in this matter.

16.    Any action taken as a result of the incident or occurrence upon which this suit is based following notice of the occurrence of that incident in response to such notice.

17.    All efforts made by any party making affirmative damage claims to mitigate those damages.

18.    Any statements or testimony by any party, witness, or expert on any issue involved in this case which is untrue in whole or in part, together with the factual basis for such contention, all persons with knowledge of those facts and the knowledge held by each, and all documents relating, regarding, referring to, or reflecting such facts.

4

**IONNO & HIGBEE**
**ATTORNEYS AT LAW, LLC**
**140 S. BROADWAY, SUITE 1**
**PITMAN, NJ 08071**
**TELEPHONE: (856) 553-6810**
sebastian@ionnolaw.com
**ATTORNEYS FOR THE PLAINTIFF**

| | |
|---|---|
| RENATE BECKWITH,<br><br>        Plaintiff,<br><br>    v.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25 FICTITIOUSLY NAMED DEFENDANTS JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION –CUMBERLAND COUNTY<br><br>Docket No.: CUM-L-000350-18<br><br>Civil Action<br><br>**INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:  SCOTT GUDAITIS

PLEASE TAKE NOTICE that pursuant to the Rules of Civil Procedure and Evidence which apply to this action, counsel for the propounding party demands production of the writings set forth on the attached Schedule "A". Kindly note that the term "writings," as used in this request, shall be construed consistently with the definition of writings in the Rules of Evidence which apply to this matter. The writings requested are the original or, if the originals are not available, true copies, of each writing which relates, regards, refers to, or reflects the information within the scope of each numbered request on the attached Schedule "A". The writings to be produced shall include all writings within your possession, custody, or control, or reasonably available to, you, your servants, agents, employees, attorneys, and representatives. Should you fail to produce any writing based upon any claim of privilege,

1

provide a general description of the writing involved, state the privilege asserted, state all facts upon which you base the assertion of the privilege, and retain a copy of that document in order that plaintiff may apply to the Court to strike the claim of privilege and compel its production.

PLEASE TAKE NOTE THAT THIS REQUEST FOR PRODUCTION OF DOCUMENTS IS CONTINUING IN NATURE AND THAT YOU ARE REQUIRED TO SUPPLEMENT YOUR RESPONSES IMMEDIATELY UPON RECEIPT OF WRITINGS UP TO AND THROUGH THE CONCLUSION OF TRIAL.

IONNO & HIGBEE, LLC
Attorneys for Plaintiff

BY: Sebastian B. Ionno /s/
SEBASTIAN B. IONNO

Dated: 07/10/2018

2

## SCHEDULE "A"

1.      All writings you were requested to identify or to attach to any interrogatories propounded by this party or by any other parties to this litigation.

2.      All writings obtained by you through investigation, authorization signed by any party, through the subpoena power, or otherwise, which relate to any issue in this case.

3.      All writings pertaining to the credentials, qualifications, knowledge, skill, experience, training, and/or education of any expert identified by any party to this action, including without limitation the propounding party.

4.      All writings pertaining to all facts or data underlying any opinions of your experts.

5.      All writings you were requested to produce on the record of any deposition or other proceeding in this matter.

6.      All writings pertaining to any request made or to be made to the Court asking that judicial notice be taken of any facts, law, or regulations in this matter.

7.      The entire contents of all your files relating to this matter, including without limitation any underlying, related, consolidated, or affiliated cases, and including without limitation the actual file container.

8.      All writings reflecting facts in issue in this case, including without limitation all writings reflecting any statements made by any party to this litigation, any witness, or any expert, pertaining to the occurrences, incidents, or claims referred to in any pleading in this matter, any writings pertaining to any damages claimed in this matter and their cause, origin, nature, severity, extent, and duration, and any tangible item to be utilized in any deposition, hearing, or trial of this matter.

9.      All writings pertaining to or reflecting the criminal, educational, occupational, medical, psychiatric, and/or litigation background or history of any party, witness, or expert involved in this matter.

10.     Each and every such writing pertaining to any claim that any statements or testimony, whether in oral or written form, by any party, witness, or expert, which you contend was untrue in whole or in part.

11.     All writings, including transcripts, reflecting or recording the statements and sworn testimony of each party, witness, or expert involved in this matter in any other matter, which relates to any fact or issue in dispute in this matter.

3

12.    All writings by or on behalf of any governmental entity pertaining to this matter, including without limitation police reports, weather reports, investigation reports, criminal records, records of ownership or construction, records of licensure, records of violation, and records of criminal, civil, or administrative proceedings or conviction.

13.    All writings reflecting information pertaining to insurance coverage available to any party for any claim made in this litigation, including without limitation the policy itself, the declaration sheet, any amendments or endorsements to the policy, any riders, any reservation of rights letters, any disclaimers, and/or any reports of claims by or on behalf of the insured to the carrier or broker involved.  **Please note that this is expressly intended to include primary, secondary, excess, and/or umbrella coverage.**

14.    All writings reflecting the title, author, publisher, and date and place of publication of any writing claimed by you or your experts to be authoritative on any issue involved in this matter, or which consists of any earned treatise, periodical, or pamphlet on any subject of history, medicine, science, or art which relates to any issue in this case which are known to you, your experts, or your attorneys, or to which you or your expert may refer to in the course of any hearings or proceedings, including trial, in this matter.

15.    All writings pertaining to the credibility of any witness, party, or expert.

16.    All writings used to refresh the memory of any witness, party, or expert as to any fact in issue in this matter.

17.    All writings produced or provided by any party, witness, expert, or other person or entity to you or your attorneys relating to any fact or issue in dispute.

18.    All writings pertaining to the relationship between you and/or your attorneys and any expert upon whose testimony you intend to rely at the time of trial, including without limitation all writings reflecting the number of prior cases in which the expert has been consulted by you or on your behalf or by your attorneys, the total amounts paid, billed or to be billed in each such case by the expert involved, true and accurate copies of each report rendered in those other matters by the expert, and all documents reflecting the date, time, and place of any testimony, whether oral, in deposition, in court, or in writing by the expert in this case, including any transcripts of such testimony.

19.    All writings relating to discipline imposed or sought to be imposed upon any party, witness, or expert involved in this matter by any regulatory, administrative, judicial, or other body.

20.    All writings upon which you base any claim for counsel fees, litigation costs, or court costs including agreements, bills, timeslips, and evidence of payment.

21.    All writings upon which you base any claim for punitive damages, or which pertain to any defense raised by you to claims for punitive damages by this party.

4

22.    All writings relating to any affirmative claims for damages by any party to this litigation.

23.    True, accurate, and certified transcripts of the post-high school education of any expert upon whose testimony you intend to rely at the time of trial.

24.    All writings pertaining to any honors or accolades awarded to or claimed by any expert involved in this matter.

25.    Answers to interrogatories by you to any party other than the party propounding this request, together with all documents produced in response to any request for production by any other party.

26.    If this case involves a claim of personal injury or property damage, fully responsive answers to the standard interrogatories set forth in Appendix II, in the New Jersey Court Rules, including Form A and/or B as appropriate.

27.    All writings sent to or received from any expert upon whose testimony you intend to rely at the time of trial, including without limitation the expert's Curriculum Vitae or resume covering the last 10-year period, the expert's entire file pertaining to this matter and all of its contents, all reports and draft reports, all correspondence, billings, contracts, invoices, evidence of payment, billing information, original billing slips, materials provided by you or your attorneys to the expert, any notes made by or provided to the expert, and/or any photographs or other recorded information reflecting any facts upon which the expert has based AN opinion, and further including without limitation any rulings of any judicial body reflecting any findings pertaining to the expert's qualifications or area of expertise.

5

**IONNO & HIGBEE**
**ATTORNEYS AT LAW, LLC**
140 S. BROADWAY, SUITE 1
PITMAN, NJ 08071
TELEPHONE: (856) 553-6810
sebastian@ionnolaw.com
**ATTORNEYS FOR THE PLAINTIFF**

| | |
|---|---|
| RENATE BECKWITH, <br><br> Plaintiff, <br><br> v. <br><br> LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25 FICTITIOUSLY NAMED DEFENDANTS JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - CUMBERLAND COUNTY <br><br> Docket No.: L-000350-18 <br><br> Civil Action <br><br> **INITIAL INTERROGATORIES** |

TO: SCOTT GUDAITIS

Demand is hereby made of the defendant, State of New Jersey, for answers to the following interrogatories separately and under oath, within the time and in the manner prescribed by the Rules of Civil Procedure.

IONNO & HIGBEE, LLC
Attorneys for Plaintiff

BY: _Sebastian B. Ionno_ S/
SEBASTIAN B. IONNO

Dated: 07/10/2018

1

1.    If you have denied any of the allegations of the Complaint or any amendments to it in whole or in part, or if you have asserted any affirmative defenses, or if you have asserted any affirmative claims in your pleadings, set forth and describe in detail each and every fact known to you from any source which relates, regards, refers to, or reflects the factual basis for the denials, affirmative defenses, or each allegation of the affirmative claim, identify all persons with knowledge of those facts and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts.

2.    For each liability or damage expert consulted by you or upon whose testimony you intend to rely at the time of trial in this matter, identify the expert, set forth and describe in detail the entirety of their expert qualifications, identify and attach copies of their most recent resume or curriculum vitae, including any different versions used in the last 10 years, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and a summary of all factual or other grounds for each and every opinion, including all standards upon which the opinion is based or to which the expert has referred, and identify and attach hereto true and accurate copies of all reports rendered by that expert witness in connection with this matter.

3.    As to each and every affirmative claim for damages or relief by or against you or any other party in this matter, set forth and describe in detail all facts known to you from any source relating, regarding, referring to, or reflecting the type and amount of all damages claimed, that any party is responsible for or caused the damages and the basis upon which responsibility or causation is alleged, identify all persons with knowledge of those facts and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts.

2

4. If you have produced any writing, as defined by the Rules of Evidence or Procedure that apply to this case, to any party in this litigation, including the party propounding these Interrogatories, identify the writing and the specifics request to which it is responsive, and attach all such writings and requests.

5. If you contend that any statements, admissions, and/or declarations against interest have been made relating to any issues involved in this litigation by any party or by any representative, officer, agent, employee, or attorney of any party, set forth and describe in detail the substance of the communication, with the exact words to the extent known, identify the person making the communication, set forth the date, time, and place of the communication, identify all persons with knowledge of the communication and the knowledge held by each, and identify all documents relating, regarding, referring to or reflecting any such communication.

6. If you are aware of any writings, as defined by the Rules of Evidence and Procedure which apply to this case, which relate, regard, refer to, or reflect any fact in issue in this matter, identify the writing, state whether the writing has been altered or changed in any way since the time of its original creation, and attach a copy of all such writings hereto.

3

7.      If you contend that there are any statutes, regulations, standards, standards of care, guidelines, recommendations, or other factual information which relates to the standard of care or conduct of any party involved in this matter, set forth and describe in detail the facts upon which you base your contention, identify all persons with knowledge of those facts and set forth the knowledge held by each, and identify and attach hereto copies of all writings relating, regarding, referring to, or reflecting the basis for your contention.

8.      If you or persons on your behalf have taken, received, or are aware of any statements, formal or informal, by any person or entity related to any of the issues of this case, set forth and describe in detail all such information known to you, including without limitation the date, time, and place of the statement, the person from whom the statement was taken, the person taking the statement, the substance of the statement, and identify and attach hereto a copy of all such statements.

9.      If the person answering these Interrogatories is answering on behalf of an entity (i.e., corporation, partnership, joint venture, association, etc.), identify the answering person, identify the entity on whose behalf the answers are being provided, and set forth and describe in detail all action taken by the person answering to acquire all of the information available to the entity in accordance with the Rules of Procedure which apply to this matter.

4

10.    If you are aware of the existence of any insurance which may apply to any claims by any party to this litigation, identify the party involved, identify the carriers, set forth and describe in detail the type of coverage, the dates of coverage, the amount of primary, secondary, umbrella, or excess coverage, and identify and attach hereto copies of all writings relating, regarding, referring to, or reflecting the terms, conditions, and limits of such insurance coverage.

11.    If you have information of any person or entity that may fit the description of any John Doe parties described in any pleading in this matter, or are aware of any person or entity which any party contends should be added or joined to this case, or which may have responsibility for any of the affirmative claims made by any party, set forth and describe in detail all such information, identify all persons with such information and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting such information.

12.    Identify each and every writing known to you which relates, regards, refers to, or reflects any information relating to the affirmative liability or damage claims or defenses of all parties to this case, identify, set forth, and describe in detail all information known to you pertaining to how the damages were allegedly suffered, the nature of the damages suffered, the identity of all persons with knowledge of the facts relating to the damages and a description of the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting such information. [Please note that this interrogatory is specifically designed to require the production of any medical, hospital, or other report, record, or writing, including without limitation radiology, CAT scan, MRI, neurodiagnostic, X-ray, or other medical, health care, or diagnostic information pertaining to any party making an affirmative claim, and is further intended to inquire as to information, pertaining to other alleged causes of any damages claimed or suggesting that the damages claimed pre-existed the events upon which this claim is based.].

5

13.     If you contend that any act or omission of any person or entity was a substantial contributing cause to the incident, event, injury, or damages claimed, set forth and describe in detail all facts upon which you base your contention, identify all persons with knowledge of those facts, set forth and describe in detail the knowledge of each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts.

14.     As to each and every incident referred to in the pleadings in this matter, set forth and describe in detail all facts known to you relating to each such incident, identify all persons with knowledge of those facts and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts.

6

15. If this case involves the use of any mechanical device, equipment, machine, or vehicle, identify the item involved, identify its designer, manufacturer, distributors, retailers, owners, and persons in control as of the date of the incident, and set forth and describe in detail all facts known to you pertaining to the person or entity utilizing the item, manner of operation or use at the time in question, the consequences of the operation or use, and identify and attach hereto copies of all writings relating, regarding, referring to, or reflecting the information requested.

16. If you contend that the statements or testimony of any party, witness, or expert involved in this matter, whether orally or in writing, is untrue in whole or in part, identify the person making the statement and the statement involved, set forth and describe in detail all facts upon which you base your contention, identify all persons with knowledge of those facts and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts.

17. If you have withheld any document or information requested by any party in interrogatories or request for production of documents, provide a description of the writings or information withheld, state the privilege claimed, set forth and describe in detail the factual basis for the claim of privilege, identify all persons with knowledge of those facts and the knowledge held by each, and identify and attach hereto copies of all documents relating, regarding, referring to, or reflecting those facts. [The purpose of this interrogatory is to request a "privilege log" sufficient to permit the propounding party to evaluate any claim of privilege and to seek judicial review of the claim.]

7

## INDIVIDUAL PARTY CERTIFICATION

I am a party to this litigation in my individual capacity, or I have been authorized by the party whose name I have printed below. I have read the interrogatories, have reviewed them with my legal counsel and/or his staff, and have reviewed and read the answers to those interrogatories. I hereby certify that the answers to the interrogatories and the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
(Signature)

8

## SIGNATURE OF ANSWERING PARTY

I hereby certify that the copies of the reports annexed hereto rendered by either treating physicians or proposed expert witnesses are exact copies of all of the entire report or reports rendered by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me or my agents, and if such other reports become known or available to me at a later date, I shall promptly serve them upon the party propounding these interrogatories.

I further certify that all documents annexed hereto or supplied in response to any request for production of documents by the propounding party are true and accurate copies of the writings requested, that I have made a diligent search for all writings responsive to the interrogatories or requests and have produced all documents found to which there has not been a claim of privilege, and further certify that in the event the documents requested to be identified or produced become available or become known to me, to the answering defendants, or our agents, servants, attorneys, or employees, I shall serve them promptly on the propounding party.

If this certification is signed by an individual acting in a representative capacity, I certify that I have made a reasonable and diligent search of all writings and inquiry of all persons reasonably available to the entity on whose behalf I am providing these answers, and that the answers provided contain all knowledge of the entity.

_____
(Signature)

_____
(Please type name and Title)

_____
(Please type name of defendant
entity on whose behalf answers
are being provided in a
representative capacity)

DATED:_____

9

# EXHIBIT B

Amber M. Spataro, Esq. (NJ Bar #036892008)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
Littman Jewelers

|  |  |
|---|---|
| RENATE BECKWITH,<br><br>            Plaintiff,<br><br>vs.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25, INCLUSIVE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND COUNTY<br><br>Docket No. CUM-L-350-18<br><br>Civil Action<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

**TO:**   Clerk, Law Division
        Superior Court of New Jersey, Cumberland County
        Cumberland County Courthouse
        Broad & Fayette Streets
        Bridgeton, NJ 08302

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Littman Jewelers has filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.

Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case. Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to Sebastian B. Ionno, Esq., Ionno & Higbee, 140 South Broadway, Suite 5, Pitman, NJ 08071, attorney for Plaintiff Renate Beckwith.

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of

Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

LITTLER MENDELSON, P.C.
Attorneys for Defendant
Littman Jewelers

By: /s/ Amber M. Spataro
        Amber M. Spataro

Dated: August 10, 2018

2

## CERTIFICATION OF SERVICE

I, AMBER M. SPATARO, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via regular mail, upon:

> Sebastian B. Ionno, Esq.
> Ionno & Higbee
> 140 South Broadway, Suite 5
> Pitman, NJ 08071

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ *Amber M. Spataro*
Amber M. Spataro

Dated:  August 10, 2018

3