Amber M. Spataro, Esq. (NJ Bar #036892008)
Emily Freeman David, Esq. (NJ Bar #121862014)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorney for Defendant
Littman Jewelers

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENATE BECKWITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LITTMAN JEWELERS, SCOTT GUDAITIS, JIM SCHOFIELD, AND JOHN DOES 1 THROUGH 25, INCLUSIVE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>　　　　　Defendants. | Civil Action No. Case 1:18-cv-12655-JHR-JS<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES TO THE<br>FIRST AMENDED COMPLAINT**<br><br>*Electronically Filed* |

　　　　Defendant Littman Jewelers ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby answers the first Amended Complaint ("Complaint") of Plaintiff Renate Beckwith ("Plaintiff") as follows:

**FIRST COUNT**

　　　　1.　　Except to aver that Littman Jewelers is a d/b/a of Fred Meyer Jewelers, does business in the state of New Jersey, and employed Plaintiff, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

　　　　2.　　The allegations contained in Paragraph 2 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, except to aver that Defendant employs Scott Gudaitis and that Gudaitis supervised

Plaintiff during a portion of her employment, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 refer to fictitious persons and, accordingly, no response is required from Defendant. To the extent a response is required, Defendant avers that the allegations in this paragraph state legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in Paragraph 10 of the Complaint and, therefore, denies the allegations.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Except to aver that Plaintiff took a leave of absence from on or about September 15, 2015, through on or about February 18, 2016, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13. Defendant admits upon information and belief the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff was "not ready to retire" and, therefore, denies the allegations. Except to aver that in or about February 2016, when Plaintiff returned to work, Plaintiff was 59 years old, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in Paragraph 17 of the Complaint and, therefore, denies the allegations.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's knee was painful and swollen, and whether she "had no other choice but to go forward with the knee surgery," and, therefore, denies the allegations. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in Paragraph 20 of the Complaint and, therefore, denies the allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what "was determined by doctors [to be] the cause of the problem and Plaintiff's condition" and, therefore, denies the allegations. Defendant denies that Plaintiff stood on concrete floors all day at work.

22. Except to aver that while Plaintiff was on a leave of absence in 2016, it received an anonymous report on a tip line about Gudaitis, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Except to aver that the report concerned Gudaitis sharing his computer account password with assistant manager Julie Gravel, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Except to aver that Regional Sales Director Jim Schofield participates in disciplinary decisions concerning certain members of store management, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Except to aver that Defendant does not know who made the anonymous report on the tip line about Gudaitis, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Except to aver that Julie Gravel was promoted to the manager position at Defendant's Hamilton Mall location in or about September 2016, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Except to aver that Plaintiff refused to work her scheduled shifts on weekends, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in Paragraph 46 of the Complaint and, therefore, denies the allegations.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in Paragraph 47 of the Complaint and, therefore, denies the allegations.

48. Except to aver that on or about June 9, 2017, Plaintiff, Schofield and Gudaitis walked into the middle court area of the mall and had a meeting about an Associate Warning Notice being issued to Plaintiff, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits Schofield informed Plaintiff of the Associate Warning Notice being issued to her due to Plaintiff having the safe open and pulling merchandise while the store was still open in violation of the Company's security policies. Defendant denies the allegations contained in this paragraph to the extent they are inconsistent with or mischaracterize the Associate Warning Notice. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Except to aver that later on or about June 9, 2017, Plaintiff removed an entire tray of merchandise from a showcase in violation of the Company's security policies while she was with a customer, who appeared to be an elderly woman, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraph beginning "WHERFORE" after Paragraph 65 of the Complaint.

Defendant admits that Plaintiff demands a jury trial, but denies that Plaintiff's claims are viable and further denies that Plaintiff is entitled to any relief whatsoever

## GENERAL DENIAL

Defendant denies any allegations contained in the Complaint to the extent not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorney's fees may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or the damages she may recover, are barred or at least reduced by her failure to mitigate her alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, are wholly attributable to the fraud, misconduct, bad faith, wrongful acts, and/or omissions of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or the damages she seeks, are barred, in whole or in part, by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant implemented, applied, and disseminated effective equal employment opportunity, non-discrimination, and non-harassment policies and procedures that expressly barred discrimination, and harassment of the kind alleged by Plaintiff, and contained specific explanations of Defendant's complaint and investigation procedures.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not report her accusations or complain to Defendant or otherwise provide Defendant with an opportunity to investigate and take appropriate remedial action, if necessary.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendant with regard to Plaintiff were done in good faith, for legitimate, non-discriminatory business reasons, and were justified.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant employed Plaintiff on an at-will basis, and therefore, could terminate her employment at any time, with or without notice, and with or without cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses based upon facts learned during discovery.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint and awarding Defendant costs and disbursements, including reasonable attorney's fees, and such other, further and different relief as the Court may deem just and proper.

### CERTIFICATION PURSUANT TO L. Civ. R. 11.2

The undersigned counsel for Defendant certifies that to the best of her knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                      **LITTLER MENDELSON, P.C.**
                                      Attorneys for Defendant
                                          Littman Jewelers

                                     By:   /s/ Emily Freeman David
                                                   Emily Freeman David

Dated:  November 5, 2018

## CERTIFICATION OF SERVICE

I, EMILY F. DAVID, of full age, hereby certifies as follows:

1. On November 6, 2018, I caused the foregoing document to be electronically filed with the Clerk, United States District Court, District of New Jersey.

2. On November 6, 2018, I caused the foregoing document to be filed and served via electronic filing upon Sebastian B. Ionno, Esq., Ionno & Higbee, Attorneys at Law, LLC, 140 S. Broadway, Suite 5, Pitman, New Jersey 08071, attorneys for Plaintiff Renate Beckwith.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: November 6, 2018

       /s/ Emily F. David
       Emily F. David

FIRMWIDE:159588914.2 088076.1002