UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

RENATE BECKWITH,                    :      Hon. Joseph H. Rodriguez

                                    :      Civil Action No. 18-12655

        Plaintiff,                  :

    v.                              :      OPINION

LITTMAN JEWELERS, SCOTT             :
GUDAITIS, JIM SCHOFIELD, AND
JOHN DOES 1 THROUGH 25              :

        Defendants.                 :

This matter is before the Court on a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants and on Plaintiff's Motion to Remand. For the reasons articulated below, this Court will remand the matter to the Superior Court of New Jersey.

Plaintiff filed a two-count complaint against her employer Littman Jewelers and its managers Scott Gudaitis ("Gudaitis") and Jim Schofield ("Schofield") alleging retaliation and discrimination under the Conscientious Employee Protection Act ("CEPA") N.J.S.A. § 34:19-3 and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. § 10:5-12(d) in the New Jersey Superior Court. Invoking diversity jurisdiction, 28 U.S.C. § 1332(a)(1), Defendants removed the case to this Court on August

                                    1

10, 2018.  See 28 U.S.C. § 1441(a), (b). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[1]

There is no dispute that the individual Defendants are both citizens of New Jersey and that their presence in this matter defeats diversity jurisdiction.  Defendants claim that these defendants were fraudulently joined for the purpose of defeating jurisdiction and move to dismiss them from the action on that basis and because service was not properly made upon these defendants at the time of removal.

Defendants aver that service upon both Gudaitis and Schofield was improper and untimely under both the federal and New Jersey Rules governing service.  Specifically, Plaintiff has failed to properly serve both

---

[1] "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). "[J]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. . . .  If there is even a possibility that a State court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id.

individual defendants. On July 12, 2018, service was attempted by dropping off service papers with a third party at their place of employment. Littman's counsel notified Plaintiff of the inadequate service and during a status conference with the magistrate judge on September 18, 2018, the parties discussed the lack of proper service. The Court instructed Plaintiff's counsel to properly serve the Individual Defendants.

Then, on October 10, 2018, Plaintiff filed an Amended Complaint with leave of Court. Cert. of D. Rebecca Higbee, ¶ 7. A "corrected" Amended Complaint was filed on November 6, 2018 to include an omission of one of the defendants. It appears timely service was made upon Gudaitis on November 8, 2018 and on Schofield on December 3, 2018. [Dkt. Nos. 17, 21]. Even if service was made out of time, Defendant Littman filed its Answer on November 6, 2018 and both individual Defendants filed an Answer on December 21, 2018.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint,

matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to Fed. R. Civ. P. 12 (b) (5), a party must assert any defense for improper service of process in its responsive pleading, but may additionally assert a defense by motion for insufficient service of process. Fed. R. Civ. P. 12 (b) (5); see also Micklus v. Carlson, 632 F.2d 227 (3d Cir. 1980) (holding that dismissal of an action was appropriate where service was effectuated improperly). Defendants' bear the burden of challenging the validity of service. Individual Defendants' Answers do not contain a

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

defense based on improper or untimely service of process of the Amended Complaint. Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

The Court finds that given the Answers by the individual Defendants and lack of challenge to proper service, the Court is without subject matter jurisdiction because the parties are not diverse. Defendants' allegation of fraudulent joinder falls short as there appears to be a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s], [and/]or [a] real intention in good faith to prosecute the action against the defendant[s.]" Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985) (citation and quotation marks omitted)

As a result, the Court cannot consider the motion to dismiss of the Defendants, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

An appropriate Order shall issue.

Dated: February 19, 2019

                                        s/ Joseph H. Rodriguez
                                        Hon. Joseph H. Rodriguez,
                                        UNITED STATES DISTRICT JUDGE